CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 2014

JULIA C. ___, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CALVIN LORENZO PERRY, | ) | CASE NO. 7:14CV00026 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| UNNAMED WARDEN, | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

Calvin Lorenzo Perry, a Virginia inmate proceeding pro se, filed this petition challenging the 2001 judgment of the Charlottesville Circuit Court under which he stands convicted of rape and sentenced to 25 years. The court construed and filed the submission as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Upon review of the petition and related records in this court and online from the state court involved, the court concludes that Perry's § 2254 petition must be summarily dismissed as successive, pursuant to 28 U.S.C. § 2244(b).[1]

Perry alleges that in 2001, he entered into a plea agreement with federal and state prosecutors that provided for Perry to testify in a federal prosecution against Coleman Leake Johnson in this court (Case No. 3:00CR00083), plead guilty in the Charlottesville Circuit Court to rape-related charges, and be sentenced to 25 years in state prison. In exchange, the agreement allegedly provided that Perry would receive reward money for helping officials procure Johnson's conviction for murder; would be confined in the state prison of his choice to serve his state sentence; and would be paroled from that sentence once he became eligible for discretionary parole consideration in 2003. Perry received the reward money and was confined in the state prison he selected. He was not paroled in 2003, however, or at any time since then.

---

[1] Under Rule 4(b) of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In his current petition, styled as a "MOTION TO VACATE WITNESS TESTIMONY," Perry asserts that, based on the federal and state prosecutors' failure to comply with the plea agreement, this court should issue one of two directives: (1) an order directing the Virginia Parole Board to grant Perry immediate parole release; or (2) an order allowing Perry to "withdraw his forced testimony against Coleman Leake Johnson and [to] withdraw his guilty plea and face trial on the original charges." (ECF No. 1, p. 2.) The records in Case No. 3:00CR00083 before this court do not indicate that Perry entered a plea agreement with federal prosecutors and further reflect that the counts of the federal indictment against Perry were dismissed. Thus, the court concludes that the plea agreement Perry is challenging was entered, if at all, in Perry's prosecution for rape in the Charlottesville Circuit Court. For this reason, the court construed and docketed Perry's petition as challenging his state court conviction and/or sentence under § 2254.

Court records indicate, however, that Perry previously filed a § 2254 petition concerning the same conviction, Case No. 7:08cv00187 in this court, which was summarily dismissed as untimely filed under § 2244(d).[2] Thus, Perry's current § 2254 petition is a subsequent one, falling under the prohibition in 28 U.S.C. § 2244(b) against a second or successive petition.

Pursuant to § 2244(b), a federal district court may consider a second or successive § 2254 petition only if petitioner secures specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the petition meet certain criteria. § 2244(b)(3). Because Perry does not demonstrate that he has obtained such certification by the Court of Appeals, the court will dismiss the petition without prejudice as successive. An appropriate order will enter this day.

---

[2] Perry offers no basis for failing to challenge the validity of his plea agreement in this prior habeas corpus petition.

2

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 31st day of January, 2014.

/s/ James C. Turk
Senior United States District Judge